1

2

3

4

5

6

7

8

9

10

11

12

13

14

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT D. AIREY,

                Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

              Defendant.

CASE NO. 14-cv-05478 JRC

ORDER ON PLAINTIFF'S
COMPLAINT

15

16

17

18

19

20

21

22

23

24

      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States

Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 15, 19, 20).

      After considering and reviewing the record, the Court concludes that the ALJ

erred by failing to evaluate explicitly plaintiff's fatigue and any effect that it may have

had on his ability to perform work. Because plaintiff's fatigue was diagnosed by his

treating physician, and was reported throughout the record, it is significant, probative

evidence that the ALJ erred in failing to discuss.

Because this error is not harmless, this matter is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and remanded to the Acting Commissioner for further consideration consistent with this order.

BACKGROUND

Plaintiff, ROBERT D. AIREY, was born in 1961 and was 51 years old on the alleged date of disability onset of September 30, 2012 (*see* AR. 194-202, 203-13). Plaintiff earned his GED and has obtained a basic electronics technician certificate (AR. 44).   Plaintiff has worked as a general laborer, lamination press operator, forklift operator, mechanic helper in fabrication, and tire and lube technician (AR. 268-43). His last employment was as a tire and lube technician where he took a leave of absence that lasted for more than a year, when he was terminated (AR. 43).

According to the ALJ, plaintiff has at least the severe impairments of "prostate cancer, status-post radiation and prostatectomy; degenerative disc disease; [and] osteoarthritis (20 CFR 404.1520(c) and 416.920(c))" (AR. 13).

At the time of the hearing, plaintiff was living in a duplex with his wife and they were caring for a friend's four month old child (AR. 35-36).

PROCEDURAL HISTORY

Plaintiff's September 30, 2012 applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 57-76, 79-100). Plaintiff's requested hearing was held before Administrative Law Judge Robert P. Kingsley ("the

ALJ") on January 30, 2014 (*see* AR. 30-54). On March 19, 2014, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 8-29).

In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Whether or not the ALJ erred by not finding fatigue, malaise and involuntary loss of weight to be a severe impairment suffered by plaintiff; (2) Whether or not the ALJ erred in improperly finding plaintiff capable of performing light work and other work that exists in the national economy in significant numbers; and (3) Whether or not the ALJ erred in not including plaintiff's fatigue, malaise and involuntary weight loss in the hypothetical (*see* Dkt. 15, p. 1).

<u>STANDARD OF REVIEW</u>

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

<u>DISCUSSION</u>

**(1)**      **Whether or not the ALJ erred by not finding fatigue, malaise and involuntary loss of weight to be severe impairments suffered by plaintiff.**

The Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (*quoting Cotter v. Harris*, 642 F.2d 700,

706-07 (3d Cir. 1981))). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

Plaintiff contends that the ALJ erred by failing to evaluate explicitly whether or not plaintiff's fatigue and malaise impacted plaintiff's ability to function in a work environment (*see, e.g.*, Dkt. 15, p. 7). Defendant contends that fatigue is considered a symptom, not an impairment, and that therefore it "will not be found to affect an individual's ability to do basic work activities unless the individual first established by objective medical evidence (*i.e.*, signs and laboratory findings) that he had a medically determinable physical or mental impairment that could reasonably be expected to produce the alleged symptoms" (Dkt. 19, p. 2 (*citing* 20 C.F.R. § 404.1529(b), 416.929(b))). However, defendant's argument is unpersuasive, for the reasons discussed below.

First, although defendant contends that plaintiff's "malaise and fatigue" is not an impairment, this assertion is contradicted by plaintiff's treating physician, who diagnosed plaintiff with "[o]ther malaise and fatigue," as the "primary encounter diagnosis," citing diagnostic code 780.79 (*see* AR. 532). The ALJ completely fails to discuss this treatment note and diagnosis (*see* AR. 19). According to the International Classification of Diseases, Ninth Revision, Clinical Modification, ("ICD-9-CM"), which is in effect in the United States until October 1, 2015, diagnostic code 780.79 represents a diagnosis for the impairment "other malaise and fatigue," and "is a billable medical code that can be used to specify a diagnosis on a reimbursement claim." ICD-9-CM, available at: http://www.icd9data.com/2015/Volume1/780-799/780-789/780/780.79.htm (last visited

March 2, 2015). According to the United States Centers for Disease Control and Prevention, the ICD-9-CM "is based on the World Health Organization's Ninth Revision, International Classification of Diseases (ICD-9), [and] is the official system of assigning codes to diagnoses and procedures associated with hospital utilization in the United States." *See* CDC's Classification of Diseases, Functioning, and Disability, available at: http://www.cdc.gov/nchs/icd/icd9cm.htm (last visited March 2, 2105). Therefore, defendant's argument that malaise and fatigue does not constitute a diagnosis is unpersuasive.

In addition, defendant makes the same error as the ALJ, in that defendant fails to acknowledge sufficiently that following plaintiff's surgery for cancer, plaintiff underwent radiation treatment (*see, e.g.*, AR. 468, 485). Dr. Suraj Singh, M.D. recommended adjuvant radiation therapy on January 17, 2013, and indicated to plaintiff that following such radiation therapy, "possible side effects  .  .  .  .  include  .  .  .  .  pain, bleeding and fatigue" (AR. 468). Therefore, even if plaintiff's malaise and fatigue was not a diagnosed impairment, it is a recognized side effect of plaintiff's post-cancer treatment (*see id.*). The ALJ acknowledges that plaintiff suffered from the impairment of cancer as a severe impairment (*see* AR. 13). For this reason, the Court finds defendant's argument wholly unpersuasive.

Although the ALJ noted that on March 1, 2013 plaintiff was seen by Dr. Andrew Thompson, M.D., for "follow up of his prostatectomy," the ALJ fails to mention that his surgery was "now being followed by radiation oncology" (*see* AR. 19, 485). Although the ALJ notes that plaintiff reported his pain symptoms when inactive at 0 or 1 on a scale

of 1-10, and that he "endorsed increasing pain symptoms throughout the day" (AR. 19),
the treatment record actually indicates that while plaintiff indicated little pain when
inactive, he indicated that as the day progressed he will "have throbbing pain in the groin
and buttock  .  .  .  .  [is inactive until] 11AM [when he get's up] and then by 4-5 pm the
pain is much more severe" (AR. 486). Not mentioned by the ALJ is the note in this
treatment record that plaintiff's review of symptoms was "[p]ositive for fatigue" (*see id.*).
The ALJ fails to discuss the fact that after being awake for five hours, plaintiff's pain was
reported to be "much more severe," and that he was reporting fatigue.

      Similarly, the ALJ discussed the treatment record from March 19, 2013, but does
not mention that plaintiff reported fatigue at this time (*see* AR. 13, 598). Although this
fatigue reportedly was relieved by rest, the ALJ did not include a need to rest in the
hypothetical presented to the vocational expert ("VE") when relying on the VE's
testimony to conclude that plaintiff could work full time in a competitive work
environment (*see* AR. 22, 50, 52). Although the ALJ acknowledges that plaintiff reported
fatigue on August 16, 2013 to Dr. Yoshio Inoue, M.D., the ALJ makes no attempt to
evaluate how plaintiff's fatigue impacted his ability to conduct work activity (*see* AR. 19;
*see also* AR. 587).

      Although the ALJ noted that on one occasion plaintiff reported fatigue, the ALJ
did not mention other instances when plaintiff reported fatigue, and failed to evaluate
explicitly any effect that plaintiff's diagnosed malaise and fatigue may have had on his
functional ability to perform work (*see, e.g.,* AR. 532). This is significant, probative
evidence that the ALJ erred in failing to discuss. *See Flores, supra*, 49 F.3d at 571.

1    The Court concludes that this error is not harmless.

2    The Ninth Circuit has "recognized that harmless error principles apply in the

3    Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

4    (*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th

5    Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the

6    record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court

7    also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error

8    is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.*

9    (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008))

10   (other citations omitted). Courts must review cases "'without regard to errors' that do not

11   affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinseki v. Sanders*, 556

12   U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the harmless error

13   rule)).

14

15   As noted, the ALJ did not include a need to rest in the hypothetical presented to

16   the VE, on whose testimony the ALJ relied when concluding that plaintiff could perform

17   other work existing in the national economy (*see* AR. 22, 50, 52). If the ALJ had

18   accommodated plaintiff's fatigue into plaintiff's RFC, and into the hypothetical presented

19   to the VE, it likely would have affected the ultimate determination in this matter;

20   therefore, the error is not harmless. In addition, the issue of whether or not a need to rest

21   throughout the day needs to be included in the RFC and in the hypothetical to the VE was

22   not evaluated by the ALJ. Therefore, the issue of whether or not this limitation would

23   have precluded plaintiff from performing other work was not evaluated by the VE or by

24

the ALJ. This too, demonstrates that the failure of the ALJ to evaluate explicitly plaintiff's fatigue is not harmless error. *See Molina*, *supra,* 674 F.3d at1115. The record as a whole demonstrates that the ALJ's error may have affected the outcome of the case. *See id.*

Because this issue is dispositive, and hence, the medical evidence will need to be evaluated anew following remand of this matter, plaintiff's remaining contentions will not be discussed herein.

<u>CONCLUSION</u>

The ALJ failed to evaluate explicitly plaintiff's fatigue and his need to rest and failed to evaluate any effect that such limitations may have had on plaintiff's ability to perform work.

Based on this reason and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 5th day of March, 2015.

J. Richard Creatura
United States Magistrate Judge